**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
COLORADO

OCT - 5 2005

GREGORY C. LANGHAM
CLERK

DAVID L. HILDEBRAND,

Plaintiff,

vs.

STECK MANUFACTURING
COMPANY, INC., ATC PRODUCTS
INC., CORNWELL QUALITY TOOLS
COMPANY, MAC TOOLS, MATCO
TOOLS, SNAP-ON TOOLS
COMPANY, TOOLS USA
EQUIPMENT COMPANY,

Defendants.

Case No. 02-WY-1125-AJ (OES)

---

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
MAGISTRATE'S DECISION ALLOWING PERPETUATION DEPOSITIONS**

---

The above-entitled matter comes before the Court on plaintiff's "Objections to Magistrate Allowing Perpetuation Depositions," filed September 19, 2005. This motion pertains to United States Magistrate Judge O. Edward Schlatter's September 16, 2005 decision to allow the perpetuation depositions of Douglas Bundy and James Earl Davis. After careful consideration of the plaintiff's motion, as well as all materials filed in support thereof and in opposition thereto, and being otherwise fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

## Factual and Procedural Background[1]

The issues in this case implicate U.S. Patent No. 5,737,981 (hereinafter the "'981 Patent") issued to plaintiff David L. Hildebrand on April 14, 1998 (hereinafter "plaintiff" or "Mr. Hildebrand"). Mr. Hildebrand invented the device in question, a tool called the "Screw Off." The "Screw Off" is a threaded socket tool that can remove locking lug nuts that have been worn or otherwise cannot be removed in the absence of a custom key. Shortly after filing a patent application with the United States Patent and Trademark Office (USPTO), Mr. Hildebrand learned that defendant Steck Manufacturing Company, Inc. (hereinafter "defendant") had begun manufacturing and selling a tool virtually identical to the "Screw Off," called the "Lug Off." On April 14, 1998, the '981 Patent, entitled "Removal Device for Threaded Connecting Devices," issued to Mr. Hildebrand.

However, after the issuance of this patent, and indeed continuing after this patent infringement lawsuit was filed, defendant continued to manufacture, distribute, and sell the "Lug Off" product. In addition, co-defendants Cornwell Quality Tools Company, Matco Tools, Snap-On Tools Company, and Tools USA and Equipment Company continued to resell the "Lug-Off" product; defendant MAC Tools continued to sell the "Quick Off"

---

[1] The Court finds it unnecessary to exhaustively chronicle the disputed and undisputed facts pertaining to the matter set for trial on October 11, 2005. Accordingly, the Court will briefly discuss the facts, and sharpen only those issues material to Mr. Hildebrand's Motion to Vacate. A full recitation of facts can be found in the Court's Order Granting Plaintiff's Motion for Reconsideration, *Hildebrand v. Steck Mfg. Co.*, No. 02-WY-1125-AJ (OES) (D. Wyo. July 15, 2004). *See also Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1353-54 (Fed. Cir. 2002).

product; and Snap-On Tools held in its inventory and continued to sell 400 or 500 of the "LSR500" product through its mobile distributors. Mr. Hildebrand alleges that the "Lug Off," the "Quick Off," and the "LSR500" tools are so identical to his "Screw Off" that they infringe on no fewer than six claims of the '981 Patent.

On September 7, 2005, after conferring with Mr. Hildebrand as to the matter, defendants formally notified both Mr. Hildebrand and this Court regarding the videotape perpetuation depositions of Douglas Bundy and James Earl Davis, scheduled to take place September 21 and 22, respectively. Mr. Hildebrand objected to the taking of these depositions, and asked to convene a telephonic discovery dispute hearing before Judge Schlatter to resolve the issue. On September 16, this hearing was held, and Judge Schlatter allowed—over Mr. Hildebrand's objection—the preservation depositions to proceed as planned. Judge Schlatter advised Mr. Hildebrand that he could appear by telephone for these depositions, which were to take place in Flint, Michigan and Cary, North Carolina, on successive days. The depositions proceeded as planned. Mr. Hildebrand appeared in person for Douglas Bundy's perpetuation deposition in Flint, Michigan, and participated by telephone for James Earl Davis's perpetuation deposition in Cary, North Carolina. Mr. Hildebrand offered his own exhibits, asked questions and entered objections during these depositions.

Mr. Hildebrand now asks this Court to overturn Judge Schlatter's September 16

Ruling allowing the perpetuation depositions. Defendants claim that because the depositions have been taken, Mr. Hildebrand's arguments are moot. This argument is incorrect. While Mr. Hildebrand fashions his filing in the form of an "objection," it is the Court's conclusion that this objection is properly treated as a motion to reconsider Judge Schlatter's pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.[2]

### Standard of Review

Upon reference by a United States District Court Judge, a United States Magistrate Judge may "conduct pretrial conferences, settlement conferences, and other nondispositive pretrial proceedings." D.C. Colo. L. Civ. R. 72(C)(1). Pursuant to the Federal Rules of Civil Procedure, it is within the jurisdiction of the district court to review the nondispositive decisions of a magistrate judge.[3] Acting akin to an appellate court, this Court will review

---

[2] In essence, what Mr. Hildebrand originally sought was a protective order of sorts, pursuant to Rule 26(c). Obviously, a traditional protective order cannot issue *post facto*. Nevertheless, if the Court grants Mr. Hildebrand's reconsideration, a limited form of remedial protective order may very well issue. *See* Fed. R. Civ. P. 26(c)(6).

[3] The Court notes that the Local Civil Rules for the United States District Court for the District of Colorado does not include a provision that specifically addresses review of a magistrate's nondispositive rulings. For that reason, the Court will look exclusively to Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A). The former reads as follows:

*Magistrate Judges; Pretrial Orders*
(a) Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and

4

Magistrate Schlatter's Ruling of September 16, 2005, and will grant reconsideration only if that ruling is found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *accord Miller v. Auto. Club of New Mexico, Inc.*, 420 F.3d 1098, 1117 (10th Cir. 2005); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997). Under the "clearly erroneous or contrary to law" standard, "the district court must affirm the magistrate's order unless it has a definite and firm conviction that an error has occurred." *Wyoming v. United States Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002) (similar), *vacated on other grounds*, 414 F.3d 1207 (10th Cir. 2005); *see also Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.").

The district court may not conduct a *de novo* review of nondispositive pretrial matters. *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665 (D. Kan. 2003). To that end, "[w]hen reviewing a magistrate judge's ruling . . . 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of

---

file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

fact.'" *Tyson v. Equity Title & Escrow Co. of Memphis, LLC*, 282 F. Supp. 2d 820, 823 (W.D. Tenn. 2003) (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir.1992)).

The burden of proving that the magistrate's discovery ruling is "clearly erroneous or contrary to law" is a heavy one, and lies squarely with the party seeking reconsideration of the order. *See, e.g., Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y. 1980). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *United States Dep't of Agric.*, 414 F.3d at 1235 (internal quotation and citations omitted);

### Discussion

### I.    Arguments of the Plaintiff

Mr. Hildebrand's arguments are relatively clear-cut.  As to the deposition of James Earl Davis, Mr. Hildebrand insists that defendants have had the opportunity to depose this non-party alleged co-inventor since 1998, but have failed to do so.  Accordingly, Mr. Hildebrand argues that Judge Schlatter should not have permitted defendants to do so a mere nineteen days before trial.  In addition, Mr. Hildebrand, relying on statements made by this Court during a March 27, 2003 telephonic motions hearing, argues that if Mr. Davis's testimony was necessary, Judge Schlatter should have ordered it to take place before the Court at trial.  As to the deposition of Douglas Bundy, Mr. Hildebrand argues that because defendants already obtained a discovery deposition of Mr. Bundy in October of 2002, and

did not articulate any dissatisfaction with the results thereof, defendants are precluded from pursuing a "fishing expedition [to] seek[] further discovery that they have had ample time to acquire." *Plaintiff's Objections to Perpetuation Depositions*, at 8. As to both Mr. Davis and Mr. Bundy, plaintiff claims that the depositions sought by the defendants were belated, cumulative, and otherwise unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(I)-(iii).

## II.    Preservation Deposition of Mr. Davis

Rule 27(a) governs requests to perpetuate testimony before the commencement of a lawsuit. Its requirements are quite detailed. *See* Fed. R. Civ. P. 27(a)(1)-(2). Requests to preserve testimony *after* the commencement of a lawsuit, but prior to an appeal, are governed by an interplay of Rules 26(b), 30(a), and 32(a).

It is undisputed that defendants had not taken Mr. Davis's deposition prior to their September 7th request to do so. Rule 30(a)(1) allows a party to "take the testimony of any person [not previously examined] . . . by deposition upon oral examination without leave of court." Defendants not only complied with this rule, they also notified plaintiff and sought leave of court to depose Mr. Davis.

After reviewing the transcript of this deposition, the Court notes that it was not conducted "as a fishing expedition," as Mr. Hildebrand suggests. *In re Solorio*, 192 F.R.D. 709, 709 (D. Utah 2000) (barring use of perpetuated testimony as further preparation for

filing). Moreover, the Court notes that Mr. Davis was an uncooperative witness to the defendants, and the preservation deposition was scheduled as a final option, and only when it became clear that this matter was moving forward to trial. Judge Schlatter found defendants' request to be diligent under the circumstances, and this Court does not disagree.

Objecting to the preservation deposition, Mr. Hildebrand argues that Mr. Davis should be brought before the Court "so that the court could determine [his] demeanor etc over the issue." *Plaintiff's Objections to Perpetuation Depositions*, at 2. However, that suggestion is easier said than done. This Court lacks the power to bring Mr. Davis, a non-party witness, before it. He does not reside in the District of Colorado, and is outside the 100-mile subpoena power of this Court. Fed. R. Civ. P. 45(c)(3)(A). In sum, it is clear that "Defendant's sole means of presenting [Mr. Davis's] testimony, absent a voluntary appearance by [Mr. Davis] in Colorado, [was] through use of a preservation deposition." *O'Dell v. Burlington Northern R. Co.*, 151 F.R.D. 661, 663 (D. Colo. 1993); *Watson v. Norton*, 10 Fed. Appx. 669, 676 (10th Cir. 2001) (similar). Judge Schlatter specifically recognized this. *See* Pretrial Conference Audio Transcript, No. 02-CV-01125-ABJ-OES (September 16, 2005) ("Mr. Davis . . . does not have to appear at trial if he is not within 100 miles of our court . . .[;] this is . . . a deposition that is needed for preservation purposes by the defendants."). His ruling as to the perpetuation deposition of Mr. Davis was not "contrary to law." *Miller*, 420 F.3d at 1117.

### III.    Preservation Deposition of Mr. Bundy

It is undisputed that Mr. Bundy had been previously deposed by the defendants in this matter. As such, the defendants preservation deposition of Mr. Bundy is governed by Rule 30(a)(2)(B). "Pursuant to Fed. R. Civ. P. 30(a)(2)(B), a party must obtain leave of court to depose a person who has already been deposed in a case." *Cuthbertson v. Excel Industries, Inc.*, 179 F.R.D. 599, 604 (D. Kan. 1998). Defendants did so on September 7, 2005, and Judge Schlatter granted this request on September 16. This deposition, like that of Mr. Davis, was not a discovery deposition.

Mr. Hildebrand finds it disgusting that a moose hunting trip can result in Mr. Bundy's unavailability at trial. It appears that this trip was planned a year in advance and required a deposit of $10,000. Regardless, Mr. Hildebrand runs into the same problem: Mr Bundy resides more than 100 miles away from the site of trial and, for that reason, cannot be compelled to appear to testify. Fed. R. Civ. P. 45(c)(3)(A); *O'Dell*, 151 F.R.D. at 663. "Absent a voluntary appearance, the sole means of presenting [Mr. Bundy's] testimony . . . is through use of a preservation deposition." *Watson*, 10 Fed. Appx. at 676 (internal quotation omitted) (second alteration added by *Watson* court). Judge Schlatter agreed with this rationale, and his ruling as to the preservation deposition of Mr. Bundy was not "contrary to law." *Miller*, 420 F.3d at 1117.

9

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff David L. Hildebrand's request for reconsideration shall

be, and now is, **DENIED**.

Dated this _3⅟_ day of October, 2005.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION