## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

DAVID L. HILDEBRAND,

     Plaintiff,

vs.

STECK MANUFACTURING
COMPANY, INC., ATC PRODUCTS
INC., CORNWELL QUALITY TOOLS
COMPANY, MAC TOOLS, MATCO
TOOLS, SNAP-ON TOOLS
COMPANY, TOOLS USA
EQUIPMENT COMPANY,

     Defendants.

Case No. 02-WY-1125-AJ (OES)

---

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND PLEADINGS

---

The above-entitled matter comes before the Court on plaintiff David L. Hildebrand's

Motion to Amend Pleadings pursuant to Federal Rule of Civil Procedure 15.[1]  After careful

consideration of Mr. Hildebrand's motion, and being otherwise fully advised in the premises,

the Court **FINDS** and **ORDERS** as follows:

---

[1] While Mr. Hildebrand has fashioned his motion to amend as one brought pursuant to
Fed. R. Civ. P. 15(c)(2), the Court notes that Rule 15(c)(2) governs only the "relation back"
effect of an amended or supplemental pleading; this provision does not govern the basis upon
which a motion to amend is granted or denied.  Accordingly, noting that Mr. Hildebrand is
proceeding *pro se*, the Court determines that this motion is properly construed as one brought
under Fed. R. Civ. P. 15(a), not 15(c)(2).  *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976)
(construing *pro se* plaintiff's pleadings under a lower standard than if such pleadings were
drafted by an attorney); *Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir. 1991) (same).

After the permissive period, and without written consent of the adverse party, the decision to grant leave to amend a complaint is within the sole discretion of the district court. *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185-86 (citing Fed. R. Civ. P. 15(a)) . In exercising this discretion, the district court is guided by a number of factors, including whether: (1) the amendment will result in undue prejudice; (2) the request to amend was inexplicably delayed; (3) the amendment was offered in good faith; and (4) the party had sufficient opportunity to state a claim and failed to do so. *Id.* at 1185.

In the present matter, Mr. Hildebrand moved to amend his complaint to add a claim for intentional interference with prospective economic advantage. This motion was filed and presented to the Court during the ninth day of a two-week jury trial. The Tenth Circuit has stated that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend." *Id.* The Court finds the present situation appropriate for such a determination.

Accordingly, and for the foregoing reasons, as well as the reasons articulated from the bench by this Court, it is hereby **ORDERED** that Plaintiff David L. Hildebrand's Motion to Amend shall be, and now is, **DENIED**.

Dated this 25th day of October, 2005.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

2