**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 02-WY-1125-AJ (OES)

DAVID L. HILDEBRAND,

       Plaintiff,

vs.

STECK MANUFACTURING COMPANY, INC., CORNWELL QUALITY TOOLS
COMPANY, MAC TOOLS, MATCO TOOLS, SNAP-ON TOOLS COMPANY, and
TOOLS USA EQUIPMENT COMPANY,

       Defendants.

**PERMANENT INJUNCTION**

The above-captioned matter came for jury trial before this Court, Honorable Alan B.

Johnson, United States District Judge, presiding.  A duly empaneled and sworn jury rendered

a unanimous verdict in favor of the Plaintiff, David L. Hildebrand, and awarded $74,863 in

lost profit damages.  Now before the Court is the matter of a remedy in equity.  For the

following reasons, and pursuant to 35 U.S.C. § 283, the Court **FINDS** and **ORDERS** as

follows:

1.    The remedy at law in this matter is inadequate.

2.    The Plaintiff, David L. Hildebrand, will suffer irreparable harm if
injunctive relief is denied, as Defendants' infringement will continue.

3.    The issuance of an injunction will not harm Defendants Steck
Manufacturing Company, Cornwell Quality Tools Company, Mac Tools,

Matco Tools, Snap-On Tools Company, or Tools USA Equipment Company more than it will aid Mr. Hildebrand.

4.  Granting permanent injunctive relief is in the public interest, as it fosters, *inter alia*, the core constitutional values embodied in Article I, Section 8, Clause 8 of the United States Constitution.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the Defendants Steck Manufacturing Company, Cornwell Quality Tools Company, Mac Tools, Matco Tools, Snap-On Tools Company, and Tools USA Equipment Company, as well as any and all persons acting in active concert or participation with said Defendants who received notice hereof, including, but not limited to, Defendants' officers, agents, servants, and employees, are hereby **RESTRAINED AND ENJOINED** from and after the date hereof and until April 14, 2015 from directly or indirectly infringing any claim of United States Patent Number 5,737,981 by making, using, offering for sale or selling the infringing products—the "Lug Off," "Quick Off," "LSR500," and any substantially similar devices or equivalents thereof—due to the finding and judgment of literal infringement of United States Patent Number 5,737,981 as described herein.

Dated this 12th day of December, 2005.

/s/

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION
