# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-01125-ABJ-OES

DAVID L. HILDEBRAND,

      Plaintiff,

vs.

STECK MANUFACTURING COMPANY, INC., CORNWELL QUALITY TOOLS COMPANY, MAC TOOLS, MATCO TOOLS, SNAP-ON TOOLS COMPANY, and TOOLS USA EQUIPMENT COMPANY,

      Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST FOR TRIAL TRANSCRIPT

The above-entitled matter comes before the Court on plaintiff David L. Hildebrand's Motion/Request for Trial Transcript. After consideration of Mr. Hildebrand's motion and being otherwise fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

Federal statutory law provides no avenue for a *pro se* plaintiff's trial transcript fee waiver request in general civil litigation. *Cf. Moss v. ITT Cont'l Baking Co.*, 83 F.R.D. 624, 625 (E.D.Va.1979). Indeed, even a *criminal litigant* proceeding in *forma pauperis* is not automatically entitled, as a matter of law, to court orders, indictments, and transcripts of record without payment therefor. *See, e.g.*, *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994); 28 U.S.C. § 1915. Even when tendered to criminal litigants, copies of such documents are abbreviated portions deemed "necessary" by the

court.  *See, e.g.*, *Ortiz v. Brymer*, 2005 WL 2671084, *1 (D. Conn. Oct. 19, 2005).  Citing no authority whatsoever, Mr. Hildebrand asks this Court to fit the government with the bill for a set of complete trial transcripts, due to the fact that his "finances are minimal do [*sic*] to the amount of time and resources this case has subjected Plaintiff to." *Plaintiff's Motion/Request*, at 1.  Mr. Hildebrand states that this act of generosity would "greatly help . . . in preparing the case for proper appeal."  *Id.*  The Court agrees that it would, and does not doubt the attestations concerning his financial status.

Nevertheless, the Court finds neither legal authority nor an overriding necessity behind this request.  Moreover, the Court is well aware of Mr. Hildebrand's self-employed status, as well as the expertise he holds in his field of employment.  He is not an impoverished criminal seeking court documents in a habeas corpus or criminal proceeding recognized (and specifically excepted) by law.  He is not a litigant wholly lacking sufficient means to sue or defend a suit.  He does not assert a lack of *access* to a trial transcript.  He simply does not wish to pay for one.  Unfortunately, the Court will not grant his wish.

Therefore, and for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff David L. Hildebrand's Motion/Request For Trial Transcript shall be, and now is, **DENIED**.

Dated this 3rd day of February, 2006.

                                             s/ Alan B. Johnson
                                             ALAN B. JOHNSON
                                  UNITED STATES DISTRICT JUDGE
                                       SITTING BY DESIGNATION