IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 02-cv-01125-LTB

DAVID L. HILDEBRAND,

      Plaintiff,

v.

STECK MANUFACTURING COMPANY, INC.;
CORNWELL QUALITY TOOLS COMPANY;
MATCO TOOLS;
SNAP-ON TOOLS COMPANY;
TOOLS USA AND EQUIPMENT COMPANY; and
MAC TOOLS,

      Defendants.

_____

ORDER
_____

      This patent infringement case is before me on Plaintiff, David L. Hildebrand's, Motion for Leave of Court to file excess pages [**Docket # 252**], Plaintiff's Motion for Relief from Judgment [**Docket # 253**], Defendant's Memorandum in Opposition [**Docket # 256**], and Plaintiff's Reply [**Docket # 257**].  Plaintiff seeks relief pursuant to FED. R. CIV. P. 60(b)(2), 60(b)(3), and 60(b)(6) from this Court's November 2, 2005 entry of judgment following a jury verdict on October 26, 2005.  Oral arguments would not materially assist in the determination of these motions.  After consideration of the motions and the case file, I GRANT Plaintiff's Motion for Leave of Court [**Docket # 252**], and DENY Plaintiff's Motion for Relief from Judgment [**Docket # 253**].

I. Procedural Background

This case implicates U.S. Patent No. 5,737,981 issued to Plaintiff on April 14, 1998. Plaintiff's invention, a tool called the "Screw Off," is a threaded socket-type tool capable of removing locking lug nuts that have become otherwise unremovable.  Shortly after filing a patent application, Plaintiff learned that Steck Manufacturing Company ("Defendant") had begun selling and manufacturing a tool virtually identical to the "Screw Off."  The ensuing patent infringement dispute culminated in a two-week jury trial resulting in a verdict for Plaintiff on October 26, 2005, including damages of $74,863.00 for lost profits.

The Court entered an order on the jury verdict on November 2, 2005.  In addition to incorporating the jury findings, the Court ordered (1) post-judgment interest at the statutory rate of 3.85%; (2) that Plaintiff recover all reasonable litigation costs from Defendant pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54 of the United States District Court for the District of Colorado; (3) that the parties proceed according to Local Rule 54.1 regarding the taxation of costs; and (4) that Plaintiff submit an application for attorneys' fees pursuant to Local Rule 54.3 within thirty days and that Defendant reply within fifteen days after Plaintiff's filing of the fee claim.  A permanent injunction issued December 12, 2005, enjoining Defendant from making, using, offering for sale, or selling the infringing products or any substantially similar devices. Plaintiff and Defendant cross-appealed to the Federal Circuit, which affirmed on May 17, 2007. In the interim, Plaintiff filed a Motion for Relief from Judgment on November 6, 2006.  Defendant filed a memorandum in opposition on November 27, 2006, to which Plaintiff replied on December 11, 2006.

2

## II. FED. R. CIV. P. 60(b)

Plaintiff seeks relief from judgment under FED. R. CIV. P. 60(b)(2), 60(b)(3), and 60(b)(6). Both Rule 60(b)(2) and 60(b)(3) require the moving party request relief within one year "from the date the judgment was 'entered' in the district court; [the one-year period] does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005).

Plaintiff brought this motion on November 6, 2006. The jury verdict which he seeks relief from was entered on October 26, 2005. Final judgment was entered November 2, 2005. Although Plaintiff requests relief from the "November 4, 2005 ruling," his November 6, 2006 motion still comes more than one year after that date. Thus, Plaintiff's claims under Rule 60(b)(2) and 60(b)(3)—including newly discovered evidence, fraud, misrepresentation, perjury, obfuscation, incomplete or misleading discovery, and other misconduct—are time-barred, despite his averment to the contrary. *See U.S. v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

Although there is no set time limit for a motion brought under FED. R. CIV. P. 60(b)(6), Rule 60(b)(6) cannot be used to bring claims properly brought under one of the grounds enumerated in Rule 60(b)(2) or 60(b)(3). *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996). While claims properly brought under Rule 60(b)(2) or 60(b)(3) will not be denied merely because they are improperly brought under Rule 60(b)(6), the Court will overlook this error only when the Rule 60(b)(6) motion was brought within the one year time limit. *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 841 (10th Cir. 1974). That is not the case here.

Plaintiff asserts the following claims under Rule 60(b)(6): "Plaintiff will document that Defendants are in direct and continuing violation of the 'PERMANENT INJUNCTION' entered by this [C]ourt on December 13, 2005.  Plaintiff will document that Defendants' continued infringing activities after the issuance of the permanent injunction, in addition to Defendants' withholding of a great number of customers and infringing sales both before and after trial [are] in direct violation of the Rules of Discovery and the Motion to Compel."  Plaintiff's claims regarding Defendant's pretrial withholding of customer and sales lists are properly brought under Rule 60(b)(2) or 60(b)(3) and are therefore time-barred.

While a court may modify or vacate an injunction under Rule 60(b)(6), *see Middle Rio Grande Conservancy Dist. v. Norton*, 294 F.3d 1220, 1231 (10th Cir. 2002), Plaintiff has not requested such relief here.  Instead—after excluding those claims which are time-barred—Plaintiff requests relief from the November 2, 2005 judgment based on Defendant's continued infringing activities after this Court ordered a Permanent Injunction on December 12, 2005.  Such relief is beyond the scope and purpose of Rule 60(b)(6).

## III.  Local Rule 7.1

Plaintiff sought leave from this Court to file a motion in excess of thirty pages.  Although this motion was never ruled upon, Plaintiff filed a sixty page motion.  Defendant responded with a six page memorandum in opposition.  Without seeking further leave of the Court, Plaintiff filed a sixty-five page reply.

Local Rule 7.1 of the Local Rules of Practice for the United States District Court of Colorado requires motions, responses, and replies be concise.  Verbose, redundant, ungrammatical, or unintelligible motions, responses, or replies may be stricken or returned for

revision.  For the sake of expediency, however, this Court grants Plaintiff's Motion for Leave of

Court to file his excessively long November 6, 2006 Motion for Relief of Judgment [**Docket**

**#252**].

Accordingly, IT IS ORDERED that Plaintiff's Motion for Leave of Court to file excess

pages [**Docket # 252**] is GRANTED, and Plaintiff's Motion for Relief from Judgment [**Docket**

**#253**] is DENIED.

Dated: August   10   , 2007, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE