IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 02-cv-01125-LTB

DAVID L. HILDEBRAND,

       Plaintiff,

v.

STECK MANUFACTURING COMPANY, INC.;
CORNWELL QUALITY TOOLS COMPANY;
MATCO TOOLS;
SNAP-ON TOOLS COMPANY;
TOOLS USA AND EQUIPMENT COMPANY; and
MAC TOOLS,

       Defendants.

___

ORDER
___

       This patent infringement case is before me on Plaintiff, David L. Hildebrand's, Application for Attorneys Fees and Costs [**Docket # 205**], Defendant's Memorandum in Opposition [**Docket # 221**], and Plaintiff's Reply [**Docket # 225**].  Plaintiff seeks $71,009.02 in costs and $295,773.50 in attorney fees.  Oral arguments would not materially assist in the determination of this motion.  After consideration of the motion and the case file, I DENY Plaintiff's Application for Attorneys Fees and Costs [**Docket # 205**].

I. Procedural Background

       This case implicates U.S. Patent No. 5,737,981 issued to Plaintiff on April 14, 1998.  Plaintiff's invention, a tool called the "Screw Off," is a threaded socket-type tool capable of removing locking lug nuts that have become otherwise unremovable.  Shortly after filing a patent

application, Plaintiff learned that Steck Manufacturing Company ("Defendant") had begun selling and manufacturing a tool virtually identical to the "Screw Off." The ensuing patent infringement dispute culminated in a two-week jury trial resulting in a verdict for Plaintiff on October 26, 2005, including damages of $74,863.00 for lost profits.

The Court entered an order on the jury verdict on November 2, 2005. In addition to incorporating the jury findings, the Court ordered (1) post-judgment interest at the statutory rate of 3.85%; (2) that Plaintiff recover all reasonable litigation costs from Defendant pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54 of the United States District Court for the District of Colorado; (3) that the parties proceed according to Local Rule 54.1 regarding the taxation of costs; and (4) that Plaintiff submit an application for attorney fees pursuant to Local Rule 54.3 within thirty days and that Defendant reply within fifteen days after Plaintiff's filing of the fee claim. A permanent injunction issued December 12, 2005, enjoining Defendant from making, using, offering for sale, or selling the infringing products or any substantially similar devices. Plaintiff and Defendant cross-appealed to the Federal Circuit, which affirmed on May 17, 2007. In the interim, Plaintiff filed his Application for Attorneys Fees and Costs on December 5, 2005. Defendant filed a memorandum in opposition on December 20, 2005, to which Plaintiff replied on December 29, 2005.

## II.  Plaintiff's Litigation Costs

Plaintiff seeks reimbursement of $71,009.02 in litigation costs pursuant to the November 2, 2005 Judgment entered in his favor ("judgment"). The judgment states, in relevant part: "It is further ORDERED, ADJUDGED AND DECREED that the Plaintiff, David L. Hildebrand, recover all reasonable litigation costs of this action from the above-named Defendants pursuant to

Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54 of the United States District Court for the District of Colorado.  It is further ORDERED, ADJUDGED AND DECREED that the parties proceed according to Local Rule 54.1 of the United States District Court for the District of Colorado regarding the taxation of costs."

Local Rule 54.1 requires the party entitled to costs file a bill of costs within ten days after entry of judgment or final order.  Rules of practice adopted by the United States District Court have the force and effect of law and are binding upon the parties and the court which promulgated them.  *Woods Const. Co. v. Atlas Chem. Indus., Inc*., 337 F.2d 888, 890 (10th Cir. 1964).  Local Rule 54.1 is designed to provide a time limit for the conclusion of the litigation so that an adverse party can assess his position following the trial within the time limits prescribed by the Rule.  *See id.* at 891.  Plaintiff filed his application for costs on December 5, 2005, more than a month after the entry of judgment in his favor.  As I am bound by Rule 54.1, I may not award Plaintiff his costs.

### III.  Plaintiff's Attorney Fees

Plaintiff seeks reimbursement of $295,775.50 in attorney fees.  The judgment states, in relevant part: "It is further ORDERED, ADJUDGED AND DECREED that the Plaintiff, David L. Hildebrand, shall, if necessary, and within thirty (30) days from the entry of this judgment, submit to the Court an application for attorneys' fees pursuant to Local Rule 54.3 of the United States District Court for the District of Colorado.  The Defendants shall, if necessary, file objections to the fee request, supported by affidavits or other evidence, within fifteen (15) days after Plaintiff's filing of the fee claim."

Plaintiff filed his application for attorney fees on December 5, 2006 [**Docket # 205**].

Although the application was never ruled upon by this Court, the Federal Circuit's May 17, 2007 ruling in this matter stated: "[The trial court's] decision not to award . . . attorney's fees was similarly not an abuse of discretion." Without a final decision from this Court as to whether Plaintiff was entitled to attorney fees, the question was not actually before the Federal Circuit. *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1183 (10th Cir. 2000).

The public interest requires that there be a real opportunity to test the grants made by the Patent Office without fear of excessive penalty. *See Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1560 n.7 (Fed. Cir. 1983) (citations omitted). When considering a request for an award of attorney fees in a patent infringement case, I must undertake a two-step inquiry. *Interspiro USA, Inc. v. Figgie Int'l Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994). First, I must determine if there is clear and convincing evidence that the case is exceptional. *Id*. If this first inquiry is met, I then determine whether an award of attorney fees to the prevailing party is warranted. *Id*. Because I find this case is not exceptional, I need not address the second inquiry.

Patent law provides that the Court may award reasonable attorney fees to the prevailing party only in exceptional circumstances. 35 U.S.C. § 285. "Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). The jury found that Plaintiff failed to prove by clear and convincing evidence that Defendant's infringement was willful. This finding was affirmed on appeal to the Federal Circuit.

Plaintiff alleges Defendant's counterclaims and defenses were frivolous. A frivolous

infringement suit is one which the non-prevailing party knows, or on reasonable investigation should have known, is baseless. *Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993) (applying rule to patentee); *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990) (applying rule to infringer). Denial of a prevailing party's motion for summary judgment indicates that the non-prevailing party's claim is not frivolous. *See FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1414 (Fed. Cir. 1987). Likewise, when the non-prevailing party's claims survive summary judgment and are rejected only after a jury trial, they can hardly be considered frivolous. *See Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004) (citing *Beckman Instruments*, *supra*, 892 F.2d at 1551). Additionally, the mere fact that an issue was pleaded and then dropped prior to trial does not establish the claim was frivolous. *See Beckman Instruments*, 892 F.2d at 1551.

The long history of this case demonstrates that Defendant's claims and defenses were not frivolous. Both parties moved for summary judgment on various issues throughout the litigation. As this Court discussed in *Hildebrand v. Steck Mfg. Co., Inc.*, 395 F. Supp. 2d 1036 (D. Colo. 2005), Plaintiff was denied summary judgment on some issues, while Defendant was granted summary judgment on others. Still other issues were decided on behalf of Defendant only to be reversed on subsequent motions. *See id*. Although Defendant chose not to pursue some counterclaims after trial began, this does not demonstrate these counterclaims were frivolous.

Plaintiff repeatedly asserts that "the fact that [Defendant] LOST all of their defenses at trial" is evidence of "deceitful litigation conduct," "deceitful tactics," or a "trail of deceit." Clearly, this is a misunderstanding of the law. The burden of showing exceptional conduct sufficient to allow me to award attorney fees in a patent infringement case is by clear and

5

convincing evidence. Plaintiff does not meet that burden.

Accordingly, IT IS ORDERED that Plaintiff's Application for Attorneys Fees and Costs [**Docket # 205**] is DENIED.

Dated: August  15 , 2007, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE